[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
This case came to this court as an application for prejudgment remedy. The parties appeared, evidence was presented, arguments were made and exhibits were presented.
In approximately February of 1994 the plaintiff began working for the defendant, John Lynch in the executive placement business. The plaintiff had come from earning fees on a contingent basis. The defendant operated on a retainer basis. She had difficulty working this new concept. There was much discussion back and forth between the parties and communications, some of which are ambiguous in nature. The court is satisfied to the standard of probable cause that the defendant knew that she was seeking work on a contingent basis. Exhibits E, F, G, H, I, J, K, L, and M shows that she was seeking non-retainer business.
It is clear to this court that she entered into a lease agreement with the defendant and Arch Street Executive Offices to obtain larger space. She has not paid that amount since she left. She left in the beginning of June of 1995. CT Page 10761
The court finds the following facts to have been established to the standard of probable cause:
1. Exhibit #3 as amended in Exhibit #4 sets forth the amounts due Candace Garthwaite. Except for the arithmetical error in computation, the amount due as set forth on Exhibits #3 and #4 is $30,452.52. The court finds that the penciled notations on Exhibit #3 lend credibility to the plaintiff's claim that she was due those amounts.
2. The defendant knew that she was seeking work other than on a retainer basis.
3. She entered into a lease agreement beginning March 1, 1995 and ending February 29, 1996 as shown on Exhibit #C.
4. She has made no payments since April of 1995. She owes as of today, May, June, July, August and September of 1995 for a total of 5 months. The rental is $1,800.00 per month plus a service charge of $100.00 which is a total of $1,900.00. She owes $950.00 times 5 months — or $4,750.00.
5. Exhibit O confirms the amounts set forth in Exhibit #3. The check (Plaintiff's Exhibit #1), confirms the fee agreement set forth in Exhibit O. That fee agreement was substantially that a person who brought in the client relationship would take 10% of the total fee. The remaining 90% would be split 70% to the person responsible for bringing in the business and 30% to the supporting partner payable when the fee is collected.
6. The court finds that the fees referred to in Exhibit #3 and #4 were collected.
Accordingly, the prejudgment remedy in the sum of $30,452.52 is granted less a credit for the unpaid rent of $4,750.00 making a total prejudgment remedy granted of $25,702.52.
KARAZIN, J.